# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Benjamin Padua Jr. | )<br>)   Case No: 0419 3:22CR00002-001<br>)<br>)<br>)   USM No: 80813-509<br>) |
| Date of Original Judgment: 2/23/2023<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Pro se<br>    *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 3/3/2023 , shall remain in effect.

**IT IS SO ORDERED**.

Signed: May 21, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Benjamin Padua Jr.
CASE NUMBER: 0419 3:22CR00002-001
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level:        Amended Total Offense Level:
Criminal History Category:        Criminal History Category:
Previous Guideline Range: ___ to ___ months    Amended Guideline Range: ___ to ___ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because "status points" were not applied to determine Defendant's criminal history category in this case, and Defendant is not a "Zero-Point Offender" Even if Defendant were a "Zero-Point Offender," he does not meet the criteria for a sentence reduction under § 4C1.1 of the Sentencing Guidelines due to the following exclusion under subsection (a)(6): the Defendant personally caused substantial financial hardship.